1946

Melanie Jane HAIRSTON and Melissa Hairston, minors, By their Guardian ad Litem, Jane M. HAIRSTON, Appellant v. James M. MOON, Jr., Jerrill P. Moon, Joan E. Moon, and Jeannette M. Kresge, Respondents, and James M. MOON, Jr., Third-Party Plaintiff v. Jane M. HAIRSTON and Waymon Hairston, Third-Party Defendants.

(427 S.E. (2d) 694)

Court of Appeals

*R. David Massey* and *J. David Flowers,* Greenville, *for appellant.*

*Perry H. Gravely,* of *Acker, Welmaker & Johnson,* Pickens, *for respondents.*

Heard Dec. 1, 1992.

Decided Feb. 16, 1993.

GARDNER, Judge:

Jane Hairston (Hairston), as guardian ad litem for Melanie and Melissa Hairston, brought suit to impose a constructive

trust in their favor on property devised to her, and her siblings, James M. Moon, Jr., Jerrill Moon, Joan Moon and Jeannette Kresge (the Defendants), by their mother, Evelyn Moon. The Master-in-Equity, to whom the case was referred with right of direct appeal, by the appealed order found for the defendants. We affirm.

## FACTS

We summarize the undisputed facts. Hairston originally owned the subject property. In 1982 she conveyed the subject property together with a mobile home situate thereon to her father, James M. Moon, Jr. The express consideration of the deed was $5,000. The is evidence of record that, despite the recitation of $5,000 consideration, no consideration passed. Hairston contends that she conveyed the property to her father with the understanding that her father would hold it in trust for Melanie and Melissa, her two daughters. This alleged agreement was not reduced to writing.

James Moon Jr. died in 1983 leaving his Last Will and Testament by which he devised the subject property to his wife, Evelyn Moon. The probate records contain an affidavit from Evelyn Moon that her husband owned the unencumbered fee to the property. Evelyn Moon died in 1988 leaving her Last Will and Testament by which she devised the subject property to her five children to share and share alike. Under Evelyn's will, Hairston and her two sisters and two brothers perforce of their mother's will owned the property as equal cotenants.

## DISCUSSION

The Master rejected the contention that there was an express trust on the basis that this contention was negated by the statute of frauds. The appealed order also rejected the contention that there was a resulting trust.

The only issue presented by this appeal is whether a constructive trust should be imposed. Hairston makes the strange contention that her siblings were keeping the subject property from her daughters because she, Hairston, wrongfully took money from her mother's checking account shortly before her mother's death. She contends that it is inequitable for them to change their position and not give the property to

Melanie and Melissa simply because they want to punish her. This contention on its face is untenable.

Constructive trusts arise by operation of law without ■ reference to actual or supposed intention of creating a trust. A constructive trust arises whenever a party has obtained property which does not equitably belong to him or her or has been acquired through a breach of trust or violation of a fiduciary relationship. *Chapman v. Citizens and Southern Nat'l Bank of S.C.*, 302 S.C. 469, 395 S.E. (2d) 446 (Ct. App. 1990). Based on the applicable law the Master, by the appealed order, rejected Hairston's contention that a constructive trust should be imposed upon the subject property with her children as beneficiaries. We find no inequity in the devise of the subject property by Evelyn Moon. The preponderance of evidence of record supports the proposition that there has been no breach of trust or violation of a fiduciary relationship. We, accordingly, affirm the Master's finding of fact and conclusions of law as to this particular contention.

After oral argument and a careful review of the briefs and transcripts, we reject the questions presented by Hairston in this appeal as being manifestly without merit. We affirm the appealed order.

Affirmed.

GOOLSBY, J., and LITTLEJOHN, Acting Judge, concur.